No. 42.—WM. V. BURNEY, trustee, &c. and another, plaintiffs in error, vs. ALEXANDER SPEAR and another, defendants in error.

[1.] Where the suit by a trustee is on account of any matter which concerns the execution of the trust, then, unless for some reason of necessity, the *cestui que trust* must be made a party.

[2.] An administrator, guardian or trustee, in Georgia, is entitled to compensation for the execution of the duties of his trust.

[3.] As a general rule, the Courts of Chancery will not permit a trustee to encroach upon the trust fund, or sanction an expenditure exceeding the income of the estate; but if, from circumstances which do not result from the fault of the trustee, there be no income or interest out of which the trustee may get compensation for his care, trouble, and attendance, in managing the fund, then he may receive payment out of the principal.

In Equity, in Muscogee Superior Court.　Tried before Judge WORRILL, December, 1854.

Thomas Grant, Sr. by his will, placed Ten Thousand Dollars in the hands of trustees, for the support of his wife—the interest annually accruing thereon " to be applied to that purpose ; the principal not at her control, to be given her at the discretion of the trustees—the trustees to give bond and security for the same, and their faithful discharge of said duty, and be allowed a reasonable compensation for their trouble."

Thomas Grant, Jr. one of the trustees, took possession of the fund and paid over the interest annually, to the widow, Mrs. Martha H. Grant.　At the death of Thomas Grant, Jr., the other trustee received from his administrators $9.400—they retaining $600 for his compensation.　A bill was filed by the trustee, against the administrators, to recover this amount, and praying an account for interest made on the fund.

At the trial, on motion of defendant's Counsel, the Court ordered the bill amended, and *Martha H. Grant*, the *cestui que trust*, to be made a party complainant.　This decision is the first error assigned.

The Court charged the Jury, that a trustee is entitled to

compensation, and that in this case, it should be paid out of the trust fund : and that 2½ per cent. for receiving, and the same for disbursing, and 10 per cent. on interest made, was a reasonable compensation—but that the Jury must determine the amount.

This charge is also assigned as error.

Judge BENNING having been of Counsel, did not precede, in this case.

HOLT & A. G. FOSTER, for plaintiff in error.

DOUGHERTY, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The Court below decided, that the *cestui que trust*, Martha H. Grant, should be made a party, together with her trustee, to the bill which had been filed against the defendants in error; and this decision is alleged to be erroneous.

It is a well known general rule, that all persons materially interested in the subject, should be made parties to the bill, so that the Court may be enabled to do complete justice, by deciding upon and settling the rights of all interested, and future litigation may be prevented.

Where a suit, by a trustee, is on account of any matter which concerns the execution of the trust, then the case falls within this general rule; and unless some reason of necessity forbids it, the *cestui que trust* must be made a party. In such case, the *cestui que trust* has an immediate and material interest in the subject-matter of the suit, and it is proper he should be made a party. (*Kirk vs. Clark, Prec. in Ch.* 275. *Adams vs. St. Leger,* 1 *Ball & Beatty,* 181. *Douglass vs. Horsfall,* 2 *Sim. & Stu.* 184. *Malin vs. Malin,* 2 *John C. R.* 238.) "Where a trustee is prosecuting a claim for a *cestui que trust,* the latter should be a party." (*Fish vs. Howland,* 1 *Paige Ch. R.* 20.)

The cases cited by the Counsel for plaintiff in error, which were supposed to oppose this rule, were all cases, we believe, without exception, where the execution of the trust, or the interests of the *cestui que trust*, were not in question.

[2.] Whatever may be the law of England on this subject, our law (the Act of 1764) settles the question, that every administrator, guardian or trustee, is entitled to compensation "for their care, trouble and attendance in the execution of their or either of their several duties and trusts;" and the Court below did not err in so deciding. (*Cobb's N. D.* 304.)

[3.] The effect of the decision below was, that the trustee might receive such compensation out of the *corpus* of the trust fund in this case.

The general rule is correctly stated, by the Counsel for the plaintiff in error. It is that Courts of Chancery will not allow a trustee to encroach upon the capital of a trust estate, nor sanction an expenditure exceeding the income of the estate.

But this rule has exceptions. If the commissions can be paid out of the income or interest of the capital, they should be so paid. Cases may occur, however, where this cannot be done, and then the commissions may be paid out of the body of the fund. Suppose a trustee is appointed for one year, to the management of a large and troublesome trust property, occupying much of his time and care ; and yet, from some unavoidable cause, (not arising from fault of his) no income is produced by it during the period of his trust, and up to the time of its termination ? At his settlement with the *cestui que trust*, he would certainly be allowed compensation out of the *corpus* of the fund, or there would be no remedy for his right.

This record presents a case of somewhat similar exigency. There was no fund provided by the will, specifically, out of which this compensation was to be paid. It had to be paid, then, either out of the *corpus* of the fund or out of the interest. The answer of Mrs. Foster, the administratrix, shows, that by the direction of the surviving trustee, Daniel Grant, (who has been removed and is now represented by William V.

Burney, the plaintiff in error,) her intestate, as administrator of the deceased trustee, Thomas Grant, Jr., paid out to Mrs. Martha H. Grant, one of the complainants, and the *cestui que trust*, the sum of $1520, in interest on said trust fund, while the same was in his hands.   Out of this amount, he might have reserved this claim for commissions, &c.   But he was instructed by the trustee to pay it over, and he did pay it to the *cestui que trust*.

It will be remembered, that he was not acting as trustee for Mrs. Grant, but as administrator for Thomas Grant, Jr., and he paid the whole interest away by the order of the surviving trustee; feeling, perhaps, that he had no right to resist that order, or confiding in the belief that the trustee would see justice done to him.   Thus, by no fault of his, there was no fund left out of which these commissions could be paid, except the *corpus* of the property.   In such case, upon the principles which we have recognized, they may be paid out of the capital of the trust fund.   Especially is this equitable here where the *cestui que trust*, one of the complainants, has received and enjoyed the fund in the shape of income, out of which Col. Foster might have reserved payment, and where this interest, out of which he might otherwise have reserved these commissions, was thus paid by the directions of the surviving trustee. It does not seem equitable and just, that under such circumstances, the *cestui que trust*, and the representative of that trustee, should compel him or his estate to respond to the full amount of the ten thousand dollars.

The interests of the remainder-men is another thing.   This is not a proceeding by them.   If they have cause, or may have cause to complain, against any one, (which we by no means decide,) it should be against that trustee by whose directions the interest was all paid out to the *cestui que trust;* and the law allowing commissions to the trustee, and payment of expenses to Col. Foster for his management of the fund, could not be carried into effect, without encroaching on the body of this fund.

These expenses are like expenses of administration, and they

"must *first* be paid," as this Court decided in the case of *Williamson vs. Wilkins & Wife*, (14 *Geo.* 420,) "whether enough be left to satisfy debts and legacies or not."

Indeed, one of the answers insists that the reasonable charges, commissions, and expenses of Col. Foster in the management of this fund, while winding up the estate of his intestate, T. Grant Jr., in collecting the notes, &c. which duty Daniel Grant, the surviving trustee, insisted he should take upon himself, fully amounted to this sum, and that it was retained to meet these charges, &c.  This seems to have been in the issues presented the Jury, and if we look upon that feature of the charge under consideration, as delivered *secundum subjectam materiam*, and apply it to the claim of Col. Foster, as administrator of Thomas Grant, Jr., for his services, commissions, &c., in the management of this trust fund, it is easy to see that the Court was right in holding, that under the circumstances to which we have already referred, Col. Foster's representative was entitled to the compensation out of the body of the fund.

[5.] It was not error in the Court to charge the Jury, that two and one half per cent. for receiving, the same sum for paying out, and ten per cent. on interest made, would be a reasonable compensation for the trustee.  This was, in effect, no more than if he had said that such was what the law allowed; for what the law gave the trustee for services rendered, it was certainly reasonable he should have for them.  And the Court would have been undoubtedly right in telling the Jury what the law did allow.

Looking to the facts of the case, and applying the charge to them, we see no good ground for complaint.

Let the judgment be affirmed.