MaNly, J.
 

 Upon a consideration of the pleadings in this case, two objections to- the relief which the plaintiff seeks, are apparent and decisive.
 

 "Whatever may have been the merits of the complaint, if made in time, it is too late now after the defendant has been nine years in adverse possession of the land in question, claiming it under a grant to himself, to- declare his holding a constructive trust for plaintiff! E olio wing the rules of law for quieting titles to lands and litigation generally, the bill ought to have been brought, at furthest, within seven years after the possession taken under the grant.
 

 It is alleged in the bill, that the purchase of the land hr question, was made-in the name of the plaintiff by Henry Courtney, and that an infant, whose name is-unknown, residing in Georgia, is the person who is now entitled to-the beneficial interest in- tho same. We do not think that this fact alters the case. The trustee, Blake, has allowed the time to-run out, and his rights are barred, whatever liabilities may spring out of the negligence as between- the infant and the plaintiff, or between the infant and both the parties to this suit.
 

 The fact, however; thus noted, suggests the other objection to any relief under this bill, and that is : the child, in Georgia, is a necessary party to the bill. His interest, in any decree, which is asked for, or can be made-in the case, is direct and plain, and no authority is requisite
 
 to
 
 show that he is a-necessary party to the bill. It is a principle of Equity jurisprudence to avoid a multiplicity of suits, and so- to order pro
 
 *410
 
 ceedings as to do complete justice between all the parties interested in the subject matter before the Court.
 

 For either one of the reasons, thus given, the bill should be dismissed with costs.
 

 Per Curiam, Bill dismissed.