C. A. BARBEE ET ALS. V. GEORGE T. PENNY.

(Filed 13 December, 1916.)

### 1. Wills—Executors—Power of Sale—Trusts—Naked Title—Heirs at Law.

Where the testatrix names three of her sons as executors of her will, directing that they shall lay off certain of her lands into lots and sell the same in lots of such size as they deem best, with provision that any of the testatrix's children could purchase before the sale in accordance with a specified method of valuation, to be charged against such child so buying in the distribution of the estate, and with further direction that the testatrix's children should express their opinion as to the management of the estate, the majority to decide what is reasonable: *Held,* the executors under the terms of the will are given a naked power of sale, with the legal title in the heirs, subject to be divested upon a legal or proper execution of the power.

### 2. Same—Deeds and Conveyances—Contracts — Beneficiaries — Parties—Appeal and Error—Costs.

Where the executors of a will are given only the naked power of sale of certain lands of the testatrix, and the title is vested in the testatrix's children, whose wishes in the administration of the estate are to be ascertained in a certain manner and regarded, and the executors have entered into a certain agreement with another for the sale of the lands at a certain price, for certain commissions of sale, etc., and then bring suit to set aside this contract as a cloud upon the title to the lands, alleging that the heirs at law had demanded such action on their part, and the defendant insists upon the specific performance of the contract, and also demands damages for its breach, alleging that the executors were clothed under the terms of the will with authority to make it, which the plaintiffs deny: *Held,* the children of the testatrix, the beneficiaries under the trust, are necessary parties to the action and entitled to set up matters of benefit or disadvantage under the contract of sale; and it being necessary that they should be parties so that the final decree as to title will conclude them, on appeal to the Supreme Court, the case will be remanded to that end. The costs of appeal in this case are taxed equally against both parties.

### 3. Trusts—Statutes—Beneficiaries—Parties.

Revisal, sec. 404, providing that "a trustee of an express trust may sue without joining with him the person for whose benefit the action is prosecuted" does not apply so as to exclude the beneficiary as a necessary party in a suit involving, the question as to whether the trustee has exceeded his authority under the terms of the instrument creating the trust, and wherein the interests of the beneficiary may be seriously affected.

### 4. Same—Wills—Executors—Interests—Merits—Appeal and Error.

Where in a suit by the executors to remove a cloud upon the title to lands where they had contracted with the defendants to sell upon certain terms, the question involved affects the right of the executors to make

the contract under the terms of the will, they alleging in their own behalf and in behalf of the beneficiaries the want of such power, and the defendant insisting on a specific performance of the contract, and also asking damages for its breach; and it appears that the beneficiaries are necessary parties to the suit, but were not so made: *Held*, questions as to whether the executors acted within the powers conferred, or whether they had divested themselves of the power to sell advantageously, etc., affect the merits of the cause, and consideration thereof will be postponed until they shall have properly been made parties thereto.

CIVIL ACTION tried before *Cline, J.*, at May Term, 1916, of GUILFORD.

This action was brought by the plaintiffs as the executors of Mrs. Louisa C. F. Barbee for the cancellation of a certain contract for the sale by the defendant of a tract of land containing 150 acres described in the will of Mrs. Barbee and therein directed by her to be sold by her executors. The provisions of the will relating to the matter are as follows:

"6. It is my will, and I so direct, that my farm of about 150 acres in northeast part of High Point, N. C., being developed by my three sons, C. A. Barbee, W. F. Barbee, Fred C. Barbee, by contract, with my consent, shall be laid off in lots and sold in lots of such size as may be deemed best by my executors.

"7. It is my will and desire, after these lots are laid off, if any or all of my children desire to purchase a lot or lots, they have a right to do so before a sale, three good reliable citizens of High Point to value said lots and my executors to make deeds to the same, provided they shall accept the lots at the valuation placed upon them by the appraisers and be charged to them as part of their distributive share of my estate. Also one lot known as the Warren Pemberton lot, on the south side of the Barbee farm, 100 feet front, 200 feet depth, containing one-half acre, more or less, between Anthony Tilman and M. J. Wrenn's property, to be sold and the proceeds to go to my estate.

"8. I give my executors power to sell all lots or property of any kind, either privately or publicly, as may be deemed best by all concerned. I want all my children to express their opinion as to the management of the estate, but in case they cannot agree upon what is reasonable, then let the majority decide.

"10. All the balance of my estate shall be equally divided among my children, share and share alike, as follows: A. E. Barbee, C. A. Barbee, W. F. Barbee, F. G. Barbee, F. M. Barbee, C. C. Barbee, and Mrs. L. L. Wellborn."

The children of Mrs. Barbee entered into a written agreement with her executors, the material part of which is as follows:

"Whereas, further, A. E. Barbee, F. M. Barbee and wife, Edna Barbee, C. C. Barbee and wife, Josephine Barbee, J. S. Wellborn and

wife, L. L. Wellborn, all the heirs at law of the said Louisa C. F. Barbee, with the exception of C. A. Barbee, W. F. Barbee, and F. G. Barbee, heirs and executors, are desirous of waiving all rights and privileges which they may now or hereafter have under items 7 and 8 of the last will and testament of the said Louisa C. F. Barbee, in so far as the said items 7 and 8 apply to the property lying in the northeast part of the city of High Point, and mentioned in item 6 of the said last will and testament, and to that end do waive and relinquish all such rights and privileges in and under the said items 7 and 8 of the said last will and testament, vesting in the said executors, C. A., W. F., and F. G. Barbee, full power and authority to sell all lots or property as mentioned in items 7 and 8 of the said last will and testament, either privately or publicly, as they may deem best, with the right to fix and establish prices from time to time as in their opinion are just and proper, and to make all deeds, bonds for title, and other necessary papers for the proper management and disposition, selling and marketing the said property as mentioned in item 6 of the said last will and testament."

The executors contracted with the defendants to sell for them the said tract of land at the aggregate sum of $85,000 upon terms and conditions as to size of lots, prices for the same, and commissions, or compensation to be paid by the plaintiffs, as executors, to the defendants out of the surplus for the services rendered by the latter and the costs and expenses of the sales.

In section 8, of the complaint, the plaintiffs alleged: "That the heirs at law and devisees of plaintiffs' testatrix, other than the plaintiffs herein, have notified and demanded that plaintiffs rescind the contract and agreement aforesaid with the defendants herein, the said heirs contending that the plaintiffs herein had no power or authority as executors of the last will and testament to make and enter into such a contract and agreement with the defendants."

The defendants, in their answer, aver that they have no knowledge or information sufficient to form a belief as to the truth of the allegations of section 8 of the complaint above set forth. They also aver that since the contract was made by them with the executors, they have made the necessary surveys to be made for the purpose of dividing the land into lots, about five hundred and sixty in all, and have had streets and sidewalks laid out on the same, and have advertised the lots for sale and have been put to much labor and expense in attempting to perform their part of the said contract, the sums actually expended and the reasonable value of their services amounting in all to about $5,000, and that all they had done in the performance of the contract was known to and approved by the executors and the beneficiaries named

in the will of Mrs. Barbee. That defendants have sold a number of the said lots at the total price of $1,940, with the knowledge and approval of the plaintiffs and the beneficiaries under the will, and that since said sales were thus made the plaintiffs have interfered with the defendants in their efforts to sell the remaining lots, to their damage $15,000. Defendants pray that the contract be specifically enforced and for an injunction restraining the plaintiffs from further interfering with the sale of the lots and the execution of the contract.

Plaintiffs allege that the contract is a cloud upon the title to the real estate, and pray for judgment, "That the paper-writing purporting to be a contract and agreement between the parties thereto (plaintiffs and defendant) in regard to the real estate aforesaid be declared void and of no effect, and that it be canceled of record, and for other and further relief to which they may be entitled."

Plaintiffs moved in the court below for a judgment upon the pleadings, and demurred *ore tenus* in this Court to the answer, defendant agreeing to treat the motion also as a demurrer.

The court denied the motion for judgment, taxed the plaintiffs with the costs of the motion, and they appealed.

*Brooks, Sapp & Williams for plaintiffs.*
*King & Kimball for defendants.*

WALKER, J., after stating the case: We are unable to decide the questions raised upon the argument and discussed in the briefs of counsel, for the reason that all the necessary parties to be affected by the judgment are not now before the Court. It will be observed that this is not the case of a devise of the land to the executors, as trustees, for the purpose of sale, but the will merely gives them a naked power of sale, and when this is the case 'Whatever is not given away to some person must descend.' The heir takes, not by the bounty of the testator, but by force of the law, even against the express declaration of the testator to the contrary. If the will does not devise the land, but creates a power to sell it, then, upon the execution of the power, the purchaser is in under the will, as if his name had been inserted in it as devisee. But in the meantime the land descends, and the estate is in the heir. The power is not the estate, but only an authority over it and a legal capacity to convey it. These are elementary maxims." *Ferebee v. Proctor,* 19 N. C., 439, 446; *Clifton v. Owens,* 170 N. C., 607, 617. The legal title, therefore, is in the heirs, subject to be divested upon a legal or proper execution of the power. This is not a case where in all things respecting the trust estate the trustees represent the *cestuis que trustent,* for the suit is not one to normally ad-

minister the trust, where the trustees have admittedly acted within the limits of their powers as conferred by the will. The very question involved is whether they have done so, the plaintiffs alleging that they have not acted within their authority, and defendants, on the contrary, averring that they have. When the question is whether the trustees have or have not exceeded their powers as defined in the instrument creating them, the beneficiaries of the trust are the ones vitally concerned in the proper decision of that question, as the ultimate decision may seriously affect their interests. If the trustees have exceeded the limit of their power, the *cestuis que trustent* would not be bound by their acts, and where the validity of such acts is attacked by the trustees themselves, and strangers to the trust are seeking to take advantage of what has been done upon the ground that the acts of the trustees are valid, it produces such a controversy as requires the presence of the beneficiaries to protect their own interests. It may be that the contract of the trustees is favorable to them, and, if so, they should have the opportunity in court to show it, so that it may stand, if valid, or it may be unfavorable, and injurious to their interests, in which event they should be heard in order to prevent the damage, if valid. It is apparent that the trustees do not occupy such a neutral position as to represent and act for them impartially. They may do so in fact, but the beneficiaries are not regarded in law as having proper and sufficient representation. A reference to some of the authorities confirms us in this view. "Trustees and *cestuis que trustent* are the owners of the whole interest in the trust estate; and, therefore, in suits in equity in relation to the estate by or against strangers both the trustees and *cestuis que trustent* must be parties representing that interest." Perry on Trusts (5 Ed.), sec. 873.

In a case substantially like this in principle, it being a suit by a trustee to remove a cloud from the title, the Court said: "It is presented as fundamental error that Mrs. Rice and her children were necessary parties to the suit by the trustee. It is a general and well established rule that in suits by or against a trustee for the recovery or defense of property the beneficiaries are necessary parties. There are exceptions to this rule, as where the number of the beneficiaries would render it inconvenient to make them parties and where it may be presumed that it was the intention to invest the trustee with power to prosecute or defend suits in his own name. This case does not come within the exceptions. The deed does not clothe the trustee with authority to prosecute or defend suits for the property, and the circumstances do not raise a presumption that it was intended to give him such power. This was a proceeding in equity to cancel certain transfers and enforce a trust, and a chancery court will not entertain

a bill unless all the parties in interest are before it. This is a wise and salutary rule, for, without it, the trustee might by collusion, through the medium of a court, deprive the beneficiaries of the trust of valuable rights, when, if notified of the suit, they might protect themselves." *Monday v. Vance,* 32 S. W., 559, citing authorities. "The general rule in cases of this sort is that in suits respecting the trust property, brought either by or against the trustees, the *cestuis que trustent,* or beneficiaries, as well as the trustees also, are necessary parties. And when the suit is by or against the *cestuis que trustent,* or beneficiaries, the trustees are also necessary parties; the trustees have the legal interest, and, therefore, they are necessary parties; the *cestuis que trustent,* or beneficiaries, have the equitable and ultimate interest, to be affected by the decree, and, therefore, they are necessary parties." Story on Equity, sec. 207. *Hall v. Harris,* 11 Texas, 300, 303. "The *cestui que trust* should be a party to a bill to set aside a contract made with his trustees. 22 Enc. of Pl. and Pr., p. 180, citing *Tavenner v. Barrett,* 21 W. Va., 656. See, also, *Burney v. Spear,* 17 Ga., 223; *Dunn v. Seymour,* 11 N. J. Eq., 220; *Goddard v. Prentice,* 17 Conn., 546, 555; *Turner v. Hind,* 12 Sim., 414; *Blake v. Allman,* 58 N. C., 407.

It is generally said that a trustee represents the *cestuis que trustent* to such an extent that he may sue in his own name touching matters which affect the proper execution of the trust, and this may be taken as true for most purposes. Our statute declares that "a trustee of an express trust may sue without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, shall be construed to include a person with whom or in whose name a contract is made for the benefit of another." Revisal, sec. 404. This section applies where the trustee is in a position, and wholly free, to represent the *cestui que trust* impartially and without having any interest of his own to subserve or protect; but we do not deem it applicable, so as to exclude the beneficiary as a necessary party where the trustee has exceeded his powers or the question is whether he has done so and the interests of the beneficiary may be seriously affected by its decision. *Sampson v. Mitchell,* 125 Mo., 217, 228. Under the section the trustee represents the *cestui que trust* when he is acting within the limit of his power or according to the terms of the instrument conferring the power and in furtherance of the interests of the *cestui que trust,* but not where there is, or may be, a question between the trustee and him and a third party as to the proper exercise of the power, as is the case here. 22 Enc. of Pl. and Pr., p. 168; *Sampson v. Mitchell, supra.* In the case last cited the Court, after stating that, "In cases of trust the general rule, in equity, is that the beneficiaries in the trust are necessary parties

(Story's Eq. Pl., sec. 207)," says: "Our statute declares that a trustee of an express trust may sue in his own name without joining the person for whose benefit the suit is prosecuted. This is but a legislative assertion of an established exception to the general rule before mentioned, and it has no application to a case like the one in hand, where the object of the suit is to give the trustee powers not conferred upon him by the instrument creating the trust." Here the defendants are insisting that the executors in making the contract for a sale of the land were exercising a power given by the will, while the beneficiaries, as stated in the complaint, deny that this is true, as also do the executors. *Moseley v. Hankinson,* 22 S. C., at p. 332.

If the contract between the executors and the defendants was authorized by the terms of the will creating the power, and is beneficial to the *cestuis que trustent,* they have the right to enforce it; and if not so, and it is injurious to them, they should have the right to be heard in protection of their interests, and, besides, in the latter case, the trustee could not be said to be their proper representative.

In *R. R. v. Bowler, infra,* it is said: "If the *cestui que trust* bring a suit against a third person, to whom the trustee has assigned the property in violation of the trust, the trustee should be made a party, for he is ultimately bound for the due fulfillment of the trust. '(Story's Eq. Pl., sec. 209; *Bust v. Dennet,* 2 Brown's Ch., 225; *Land v. Blanchard,* 4 Hare, 28.) Notwithstanding the assignment to Ernst and Keith, Bowler continued to occupy the relations of trustee for appellant and in an action by the beneficiary to recover the trust property his representative should be made a party. But if it be doubtful, in cases in which no settlement of accounts is necessary, whether the representative of the deceased trustee is an indispensable party, there can be no doubt but that Bowler's heirs are necessary parties to this action. This suit is in respect to the property held, in trust for them, by Ernst and Keith. It is not prosecuted merely to establish a debt, or create a charge which the trustees will be compelled to satisfy out of the trust property, but it involves an absolute recovery of the property itself. In such a case the beneficiaries, who have the equitable and ultimate interest to be affected, as well as the trustees, are necessary parties. (Story's Equity Pl., sec. 207; Mitford's Equity Pl., by Jeremy, 176-179.)" *C. and L. Railroad Co. v. Bowler's Heirs,* 72 Ky. (9 Bush), 468, 484. "*Cestuis que trustent* are not, it seems, necessary parties to suits against trustees to compel the specific performance of contracts except where some question arises touching the power of the trustees to execute the contract or their authority to act under it. But where a bill in equity involves the title to the *cestuis que trustent* to the prop-

erty in dispute, or where they are interested not only in the fund or estate respecting which the question at issue has arisen, but also in that question itself, they are necessary parties."

Here the executors have a naked power to sell and convey, the legal title being in the heirs or devisees, which cannot be divested except by a valid execution of the power.

It is contended by the plaintiffs, and they allege, that the beneficiaries join in this contention, that the contract with the defendants is invalid as not in its nature being within the scope of the power given by the will, there being no limit as to the time of its performance, and, further, that by its terms the executors have divested themselves of the power to sell the property advantageously, and have in other respects abdicated their power and office as trustees. These questions affect the merits, and are postponed for consideration until all necessary parties are brought in, so that they can be concluded by the final decree.

Whether the instrument executed by Josephine Barbee and others to the executors conferred any greater power than the latter already had under the will, or whether by it Josephine Barbee and others merely waived the right to buy the lots, under section 7 of the will, and the right to be heard as to the management of the estate, under section 8, we need not decide, as the legal effect of the instrument must be determined with the other questions involved after they are made parties. It would, therefore, seem, in any view of the case, that those interested in the property under the will should be made parties, and especially is this course essential where the suit is one to clear the title and it is important that all interests be foreclosed by the decree.

The case is remanded that further proceedings be had therein not inconsistent with this opinion. The costs of this Court will be divided between the parties, the plaintiffs paying one-half and the defendants the other half.

Remanded.