FIRST NATIONAL BANK OF DURHAM, TRUSTEE (JEFFERSON E. OWENS, SUBSTITUTED TRUSTEE), v. ALEX. THOMAS AND WIFE, ROMA THOMAS, AND I. W. WOOLLEY AND WIFE, ELLIE WOOLLEY.

(Filed 3 May, 1933.)

**Parties A a—Trustee may not bring action for reformation of deed of trust without joinder of holders of notes secured thereby.**

An action for the reformation of a deed of trust for mutual mistake of the parties in the stipulation of the amount of the indebtedness may not be maintained by the trustee without the joinder of the holders of the mortgage notes, the notes being made payable to bearer and being negotiable, C. S., 2976, 2982, and in an action brought by the trustee alone the defendant's demurrer *ore tenus* on the ground that plaintiff was not the real party in interest, C. S., 446, 511, should have been sustained, and the provisions of C. S., 449, do not alter this result, the statute not being applicable to the facts of the case.

APPEAL by defendants I. W. Woolley and wife, Ellie Woolley, from *Cowper, Special Judge,* at Special September Term, 1932, of MECK-LENBURG. Error.

We think that for the determination of the present appeal the prayer of plaintiff sufficiently sets forth the facts: "The plaintiff prays the court that it receive affirmative relief to the effect that the said deed of trust to.

it as trustee and recorded in said registry in Book 738, page 74, be reformed and corrected so that the sum of $3,000 be inserted therein in place of the figure $2,000, that the figure of $34.50 be substituted thereon for the figure of $24.00 showing the monthly payments to be made upon such loan and indebtedness and that the figure of $45.00 be substituted therein for the figure $30.00 showing the amount of each of the eight short term notes described in said deed of trust, and for such further relief as to the court may seem just, fair and equitable, and that the costs of this action be paid by the defendants as assessed by the clerk."

The pertinent parts of the deed in trust are as follows: "That whereas, the parties of the first part are the owners of the land and premises hereinafter described and have decided and determined to create the indebtedness hereinafter referred to and have executed a certain promissory negotiable long term first mortgage note in the principal sum of $2,000, payable 12½ years after date and bearing interest at the rate of six per cent per annum, said interest beginning two years after date and payable semiannually and continuing until the said long term first mortgage note is fully paid; and eight short term mortgage notes in the amount of $30.00 each, and payable respectively three, six, nine, twelve, fifteen, eighteen, twenty-one and twenty-four months after date, bearing no interest until after maturity; *said long term first mortgage note and the said short term first mortgage notes all being payable to bearer* at the First National Bank in the city of Durham, North Carolina, and being secured without priority or distinction except as hereinafter expressly provided by this deed of trust upon the land and premises hereinafter described:

And whereas, the said parties of the first part are desirous of securing and have determined to secure the prompt payment of the principal and interest of said notes by executing and delivering to the trustee, hereinbefore named, this deed of trust conveying to said trustee all of the property hereinafter described, . . . but in trust nevertheless for the following uses and purposes, to wit: (1) To secure the full, true, complete and final payment of the long term first mortgage note hereinbefore described aggregating the principal sum of two thousand and no/100 dollars ($2,000) and the semiannual interest thereon, and also the eight short term first mortgage notes," etc.

The defendants, I. W. Woolley and wife, Ellie Woolley, appellants, demurred *ore tenus* to the complaint on the ground of defect of parties plaintiffs.

*Scarborough & Boyd and Fred H. Hasty for plaintiff.*
*William Milton Hood for defendants I. W. Woolley and wife, Ellie Woolley.*

CLARKSON, J. The question of law involved: Did the court below err in overruling defendants' I. W. Woolley and wife, Ellie Woolley's demurrer *ore tenus* to the plaintiffs' complaint? We think so.

C. S., 446, in part, is as follows: "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided," etc.

C. S., 511: "The defendant may demur to the complaint when it appears upon the face thereof, either that:  .  .  .  (2) The plaintiff has not legal capacity to sue.  .  .  .  (4) There is a defect of parties plaintiff or defendant."

In *Fishell v. Evans,* 193 N. C., 660, 662, we find: " 'Where a bill or note is made payable to several persons, or is endorsed or assigned to several, they are joint holders and must sue jointly as such.' 8 C. J., 846. In *Sneed v. Mitchell,* 2 N. C., 292, it is said: 'The reason why a contract made with several persons jointly must be sued by all is because if they were to sue severally they could recover only their several proportions; no one could recover all to the exclusion of the others; and if each could recover only his proportion, then the defendant upon one contract would be subject to as many suits as there were persons with whom he made it. If one might sue alone, by the same reason, each of them might sue alone. All this mischief is avoided by one joint action brought by all.' " *Plotkin v. Bank,* 188 N. C., 711; 10 R. C. L., at p. 298, part sec. 42, is as follows: "One of the most common classes of cases in which relief is sought in equity, on account of mistake, is that of written agreements, either executed or executory. In all such cases, if the mistake is mutual and is clearly made out by proofs entirely satisfactory, relief may be obtained therefrom in equity by reformation, or rescission."

This is an equitable action brought by a substituted trustee, alleging that there was a mutual mistake and the deed of trust was written $2,000 and should have been $3,000, and made to secure a $3,000 note and certain other notes, and prays for reformation and correction. Suppose that the substituted trustee loses, if the note was made for $3,000, would this bind the holder of the $3,000 note, who is not a party to this action, or the other holders of the smaller notes? We think not. The notes are to bearer, and, therefore, negotiable. C. S., 2976, C. S., 2982. The holders are necessary parties.

In *Guy v. Harmon, ante,* at p. 227, it is written: "The minor owners of the land were not made parties to the suit unless newspaper publication be sufficient for such purpose. Foreclosure is an equitable proceeding and the law as interpreted and applied in this State, has uniformly commanded a day in court for parties in interest, *Gammon v. Johnson,* 126 N. C., 64, 35 S. E., 185; *Jones v. Williams,* 155 N. C., 179, 71 S. E., 222; *Madison County v. Coxe, ante,* 58. Indeed, this Court in

*Hines v. Williams,* 198 N. C., 420, 152 S. E., 39, in approving a judgment divesting the interest of minors in a tax foreclosure, declared: 'It appears that the infant defendants and all persons having a vested or contingent interest in the land have had their day in court!' "

It has long been the usual practice and settled law that actions must be prosecuted and defended by the real parties in interest. Notice is due process and fundamental in principle.

But plaintiff relies on C. S., 449, which reads as follows: "An executor or administrator, a trustee of an express trust, or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is prosecuted. A trustee of an express trust, within the meaning of this section, includes a person with whom, or in whose name, a contract is made for the benefit of another."

The cases relied on by the plaintiff are not applicable to the facts in the present action. In *Mebane v. Mebane,* 66 N. C., 334: "The plaintiff declared upon a promissory note given by the defendants and made payable to 'Susan Mebane, guardian of E. S. Mebane.' The said note was delivered to the said E. S. Mebane and her husband, upon their marriage, in settlement of the guardian account and without endorsement. Suit was brought in the name of the guardian, to the use of the owners of said note—the husband and wife. . . . (p. 335.) Certainly a guardian who takes a note payable to himself and describing himself as guardian, is trustee of an express trust within the very words of this section." *Biggs v. Williams,* 66 N. C., 427; *Jones v. McKinnon,* 87 N. C., 294. The matter is discussed fully in *Martin v. Mask,* 158 N. C., 436. *Sheppard v. Jackson,* 198 N. C., 627.

In *Barbee v. Penny,* 172 N. C., 653, the matter is thoroughly discussed (and C. S., 449, *supra,* is construed). At pp. 657-8, we find: " 'Trustees and *cestuis que trustent* are the owners of the whole interest in the trust estate; and, therefore, in suits in equity in relation to the estate by or against strangers both the trustee and *cestuis que trustent* must be parties representing that interest.' Perry on Trusts (5 ed.), sec. 873. In a case substantially like this in principle, it being a suit by a trustee to remove a cloud from the title, the Court said: 'It is presented as fundamental error that Mrs. Rice and her children were necessary parties to the suit by the trustee. It is a general and well established rule that in suits by or against a trustee for the recovery or defense of property the beneficiaries are necessary parties. There are exceptions to this rule, as where the number of the beneficiaries would render it inconvenient to make them parties and where it may be presumed that it was the intention to invest the trustee with power to prosecute or defend suits in his own name. This case does not come within the exceptions. The deed does not

clothe the trustee with authority to prosecute or defend suits for the property and the circumstances do not raise a presumption that it was intended to give him such power. This was a proceeding in equity to cancel certain transfers and enforce a trust, and a chancery court will not entertain a bill unless all the parties in interest are before it. This is a wise and salutary rule, for, without it, the trustee might by collusion, through the medium of a court, deprive the beneficiaries of the trust of valuable rights, when, if notified of the suit, they might protect themselves.' *Monday v. Vance,* 32 S. W., 559, citing authorities. 'The general rule in cases of this sort is that in suits, respecting the trust property, brought either by or against the trustees, the *cestuis que trustent,* or beneficiaries as well as the trustees also, are necessary parties. And when the suit is by or against the *cestuis que trustent,* or beneficiaries, the trustees are also necessary parties; and trustees have the legal interest, and, therefore, they are necessary parties; the *cestuis que trustent,* or beneficiaries, have the equitable and ultimate interest, to be affected by the decree, and, therefore, they are necessary parties,' " citing a wealth of authorities.

For the reasons given, the demurrer *ore tenus* made by appellants should have been sustained. It is not necessary for us to consider the other questions involved. In the judgment of the court below there is

Error.