MATTIE S. WALL, HATTIE S. McINNIS, ALICE S. DOUGLAS, BER-
NICE UTLEY THOMPSON, JAMES ALLEN UTLEY, JAMES
UTLEY, NORA U. LITTLE, MARGIE U. ERVIN, PETER UTLEY,
JUANITA U. DAVIS, AND MAGALINE U. REID v. MADDIE
SNEED, EXECUTRIX OF THE ESTATE OF ZOLLIE SNEED,
DECEASED; MADDIE SNEED, INDIVIDUALLY; LOIS SNEED;
HELEN SNEED; AND SOUTHERN NATIONAL BANK OF
NORTH CAROLINA, ROCKINGHAM, NORTH CAROLINA

No. 7220SC49

(Filed 29 March 1972)

1. Parties § 1; Rules of Civil Procedure § 19— action to impress parol
   trust — necessary parties

   In this action to have a parol trust impressed on property con-
   veyed by a mother, now deceased, to her son allegedly with instruc-
   tions to divide the property among her children who had not already
   been conveyed a portion of her lands, there is a fatal defect of parties

---

Wall v. Sneed

---

where all of the children who had not already been conveyed a portion of the lands, or their heirs or devisees, were not made parties to the action. G.S. 1A-1, Rule 19.

**2. Parties § 1; Rules of Civil Procedure § 10— necessary parties**

Necessary parties are those persons who have rights which must be ascertained and settled before the rights of the parties to the suit can be determined.

Judges BROCK and VAUGHN concur in the result.

APPEAL by plaintiffs from *Gambill, Judge,* 12 July 1971 Session of Superior Court held in RICHMOND County.

This is a civil action wherein plaintiffs seek to have a parol trust declared in their favor on lands claimed by the defendants. The record discloses the following:

1. Martha Jane Sneed died 1 April 1956, survived by the following children and grandchildren:

   (a) Mary S. Utley, now deceased, who left the following children:

      1. Dora Utley, now deceased, who left 2 children, Bernice Utley Thompson and James Allen Utley.

      2. Lydia Ann Utley, now deceased, who left 1 child, James Utley.

      3. Nora U. Little

      4. Margie U. Ervin

      5. Peter Utley

      6. Juanita U. Davis

      7. Magaline U. Reid

   (b) Laura S. Covington

   (c) Alice S. Douglas

   (d) Wincie S. Ledbetter

   (e) Calvin Sneed, who is now deceased, and left his widow, Flossie Sneed, and 2 children

   (f) William Henry Sneed

   (g) Lillie S. Watkins

(h)  Bertha S. Barnes

(i )  Zollie Sneed

(j )  Mattie S. Wall

(k)  Hattie S. McInnis

(l )  Arvey Sneed

2. Prior to 22 August 1952, Martha Jane Sneed was the sole owner of a tract of land in Beaver Dam Township, Richmond County, containing 22.5 acres, more or less, referred to as Tract No. 2 of the Atlas Steele property.

3. Prior to 22 August 1952, Zollie Sneed and Wincie Sneed Ledbetter (two of Martha Jane Sneed's children) had been conveyed by separate deeds a portion each of the 22.5-acre tract referred to as Tract No. 2 of the Atlas Steele property, and on 22 August 1952 Martha Jane Sneed, widow, conveyed a portion of the 22.5-acre tract of land to her son Arvey Sneed.

4. On 22 August 1952, Martha Jane Sneed conveyed the balance of Tract No. 2 of the Atlas Steele property by warranty deed to her son, Zollie Sneed.

5. The plaintiffs, Mattie S. Wall, Hattie S. McInnis and Alice S. Douglas, are three of the children of Martha Jane Sneed who were never conveyed any of the property described in the complaint. The plaintiffs, Bernice Utley Thompson, James Allen Utley, James Utley, Nora U. Little, Margie U. Ervin, Peter Utley, Juanita U. Davis, and Magaline U. Reid, are children and grandchildren of Mary Sneed Utley, another child of Martha Jane Sneed who was not conveyed any of the property described in the complaint.

6. The defendants Maddie Sneed, individually, Lois Sneed, and Helen Sneed are the only devisees and beneficiaries under the will of Zollie Sneed, son of Martha Jane Sneed.

The plaintiffs in their complaint, in pertinent part, allege:

"7. That on August 22, 1952, Martha Jane Sneed, widow, executed and delivered to her son, Zollie Sneed, a Deed for the real property described in paragraph 6 above, with instructions to him, the said Zollie Sneed, her son, to divide said lands among her children who had not already been

conveyed a portion of said lands, and even though said Deed appears to be a regular Warranty Deed on its face, said Deed actually conveyed said property to Zollie Sneed as Trustee for the remaining children of the said Martha Jane Sneed who had not theretofore been conveyed any of the property of the said Martha Jane Sneed, and since the said Martha Jane Sneed and her husband had already conveyed to Wincie Sneed Ledbetter her part of said lands, and Martha Jane Sneed had conveyed to Zollie Sneed his 2 acres, and Martha Jane Sneed had conveyed to her son, Arvey Sneed, his 2 acres, all of which said prior conveyances are listed as exceptions in the description of said property as set out in paragraph 6 hereof.

"8. That after the death of Martha Jane Sneed on April 1, 1956, the said Zollie Sneed, in an effort to carry out the instructions of his mother as imposed upon him as Trustee in said Deed from Martha Jane Sneed, widow, to Zollie Sneed, dated August 22, 1952, and recorded in Book 337 on page 20, Richmond County Registry, attempted to purchase the interest of all of his brothers and sisters in said tract of land conveyed to him by his mother, Martha Jane Sneed, and did in fact purchase and paid for the interest in said tract of land of the following persons, who were and are his full sisters, to wit: Laura S. Covington, the widow and children of his deceased brother, Calvin Sneed, Lillie S. Watkins, and Bertha S. Barnes, and in the case of Bertha S. Barnes, bought and paid for a 1-1/2 acre tract of land and gave it to her."

The defendants admitted the execution and delivery of the deed dated 22 August 1952 from Martha Jane Sneed to Zollie Sneed, but denied all other allegations in the complaint as quoted above.

After a trial, the following issue was submitted to and answered by the jury as indicated:

"Did Martha Jane Sneed on August 22, 1952 convey by the deed recorded in Book 337, page 20 in the office of the Register of Deeds of Richmond County the land described in the Complaint to Zollie Sneed as trustee for her daughters, Mattie S. Wall, Hattie S. McInnis, Alice S. Douglas and others as alleged in the Amended Complaint?

Answer: No."

From a judgment entered on the verdict, the plaintiffs appealed.

*Pittman, Pittman & Pittman by William G. Pittman for plaintiff appellants.*

*Page and Page by John T. Page, Jr., for defendant appellees.*

HEDRICK, Judge.

In *Construction Co. v. Board of Education,* 278 N.C. 633, 180 S.E. 2d 818 (1971), Justice Lake quoted from the opinion of Justice Johnson in *Morganton v. Hutton & Bourbonnais Company,* 247 N.C. 666, 101 S.E. 2d 679 (1958), as follows:

> " 'Whenever, as here, a fatal defect of parties is disclosed, the Court should refuse to deal with the merits of the case until the absent parties are brought into the action, and in the absence of a proper motion by a competent person, the defect should be corrected by *ex mero motu* ruling of the Court.' See also: *Edmondson v. Henderson,* 246 N.C. 634, 99 S.E. 2d 869; *Peel v. Moore,* 244 N.C. 512, 94 S.E. 2d 491."

[1] The record before us discloses that, in addition to the plaintiffs, five of Martha Jane Sneed's children, William Henry Sneed, Lillie S. Watkins, Bertha S. Barnes, Laura S. Covington and Calvin Sneed (now deceased, and survived by his widow, Flossie Sneed Melton, and his two children) did not receive any of their mother's property described in the complaint. The pleadings not only show that a controversy exists between the plaintiffs and the defendants as to whether Martha Jane Sneed conveyed the subject property to Zollie Sneed in trust for all of the children who had not received a share of the property, but they reveal that a controversy exists between the plaintiffs and the defendants as to whether Zollie Sneed actually purchased and paid for the interest of Watkins, Barnes, Covington and Calvin Sneed in and to the property. To further cloud the title to at least a portion of the property, it developed at the trial that Watkins, Barnes, Covington and the widow of Calvin Sneed, and others, had apparently, by a deed containing no warranties, dated 5 April 1971, conveyed all their right, title and interest to the subject property to Wenonia Ann Wall, a daughter of one of the plaintiffs. None of these four children,

nor the widow or children of Calvin Sneed, nor Wenonia Ann Wall are joined as parties to this proceeding.

Rule 19(a) and (b) of the Rules of Civil Procedure provides:

> "(a) *Necessary joinder.*—Subject to the provisions of Rule 23, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone who should have been joined as plaintiff cannot be obtained he may be made a defendant, the reason therefor being stated in the complaint. . . .

> (b) *Joinder of parties not united in interest.*—The court may determine any claim before it when it can do so without prejudice to the rights of any party or to the rights of others not before the court; but when a complete determination of such claim cannot be made without the presence of other parties, the court shall order such other parties summoned to appear in the action."

[2] "A person is a necessary party to an action when he is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party." *Garrett v. Rose,* 236 N.C. 299, 72 S.E. 2d 843 (1952). His interest must be such that no decree can be rendered which will not affect him. *Gaither Corp. v. Skinner,* 238 N.C. 254, 77 S.E. 2d 659 (1953). "The term 'necessary parties' embraces all persons who have or claim material interests in the subject matter of a controversy, which interests will be directly affected by an adjudication of the controversy. [Citation omitted.] A sound criterion for deciding whether particular persons must be joined in litigation between others appears in this definition: Necessary parties are those persons who have rights which must be ascertained and settled before the rights of the parties to the suit can be determined." *Assurance Society v. Basnight,* 234 N.C. 347, 67 S.E. 2d 390 (1951).

We hold that on this record it appears that Lillie Watkins, Bertha Barnes, Laura Covington, Flossie Sneed Melton, and her two children, widow and children of Calvin Sneed, and Wenonia Ann Wall have rights in the subject matter of this controversy which must be ascertained and settled before the rights of the

Wall v. Sneed

present plaintiffs and defendants can be completely and finally adjudicated and determined.

With respect to William Henry Sneed, nothing appears in the pleadings raising any issue as to whether he sold any interest in the subject property to Zollie Sneed, nor did he join in the execution of the quitclaim deed dated 5 April 1971 to Wenonia Ann Wall. Although the court might properly proceed to adjudicate the diverse claims and interests of all the other parties without his joinder, it would appear desirable that he be made a party to the end that the title to the subject property might be adjudicated in one suit. *Wells v. Dickens,* 274 N.C. 203, 162 S.E. 2d 552 (1968) ; *Allred v. Smith,* 135 N.C. 443, 47 S.E. 597 (1904).

We have not overlooked or ignored the assignments of error relating to the application of G.S. 8-51, the "Dead Man's Statute." We cannot anticipate what circumstances may develop after the addition of new parties.

Without expressing any opinion as to the merits of the claims of any of the parties, joined or to be joined, the judgment entered is vacated and the case is remanded for such proceedings as the law directs and the rights of the parties require.

Vacated and remanded.

Judges BROCK and VAUGHN concur in the result.