THOMAS DUNN, Plaintiff v. ALFRED W. COOK, JR., Individually; and ALFRED W. COOK, JR., TRUSTEE OF THE LAVOLA CARENDER LIVING TRUST, Defendants

No. COA09-478

(Filed 1 June 2010)

**Parties— necessary—trust beneficiaries—change of venue**

A change of venue order in a trust action was reversed where the remainder beneficiaries of the trust, who were not initially included, were necessary parties because they would be affected by the adjudication of the action. The change of venue was not addressed on appeal because the remainder beneficiaries may also have interests in regard to venue which are properly addressed after they have been joined in the action.

Appeal by plaintiff from order entered on or about 5 December 2008 by Judge Kenneth Titus in Superior Court, Durham County. Heard in the Court of Appeals 15 October 2009.

*Thomas, Ferguson & Mullins, L.L.P., by Jay H. Ferguson, for plaintiff-appellant.*

*Hemphill Law Firm, PLLC, by Kathryn G. Hemphill, for defendants-appellees.*

STROUD, Judge.

Thomas Dunn ("plaintiff") appeals from an order granting the motion of Alfred W. Cook, Jr., individually and as trustee of the Lavola Carender Living Trust (referred to collectively as "defendants"), to remove this action from Durham County to Watauga County. As the remainder beneficiaries of the trust are necessary parties to this action, we reverse the order of the trial court allowing the change of venue and remand to the Superior Court of Durham County for further proceedings.

## I. Background

Lavola Carender established the Lavola Carender Living Trust ("the trust") in 1994 and transferred all of her real and personal property to the trust. On 21 December 2004, Ms. Carender executed a restatement of the Trust ("2004 Restatement"), which appointed Alfred W. Cook, Jr. as co-trustee. The 2004 Restatement, in Article 8, Section 8.01, provided that the trust property remaining after the Grantor's death would be distributed as follows:

a. I direct my Trustee to distribute my home and 24.11 acres, being Tax Parcel #1869-99-2662-000 [referred to hereinafter as 'the Watuaga County land'] to THOMAS DUNN of Elizabeth City, NC. In the event THOMAS DUNN is not living, then my home and 24.11 acres shall be distributed to ALFRED W. COOK, JR.

b. The remaining trust property shall be distributed as follows:

1. 35% to the Lavola and Mary Launa Carender Scholarship Fund at Appalachian State University, Boone, NC.

2. 35% to the Lavola and Mary Launa Carender Scholarship Fund at Lees-McRae College, Banner Elk, NC.

3. 10% to the North Carolina Baptist Foundation, Inc.

4. 10% to The Baptist Children[']s Homes of North Carolina.

5. 10% to The Cannon Hospital Foundation of Banner Elk, NC.

We will refer to the charitable beneficiaries listed under paragraph (b) above as the "remainder beneficiaries."

On 4 August 2005, defendants and Ms. Carender executed a "First Amendment of the Lavola Carender Living Trust" ("2005 Amendment") which modified the 2004 Restatement. The modifications relevant to this appeal changed Article 8, Section 8.01 of the 2004 Restatement, dealing with the distribution of the remaining trust property, as follows:

a. Prior to conveying any interest in real property to the beneficiaries set forth below,[1] I direct that the Trustee take all necessary steps to convey a conservation easement to a reputable organization which shall effectively preserve the property as farmland and prevent any commercial development and any residential development of more than three (3) homes.

b. I direct that **Thomas Dunn** of Elizabeth City, NC be given the right of first refusal to purchase any and all interest in my home and 24.11 acres, subject to a conservation easement as described above, being Tax Parcel #1869-99-2662-000, at fair market value,

---

1. The "beneficiaries set forth below" include Thomas Dunn and Alfred W. Cook, Jr., as stated in subparagraph (b). However, the remainder beneficiaries are all set forth in the next subparagraph, which is the original subparagraph (b) in the 2004 Restatement quoted herein above. The 2005 Amendment eliminates "subparagraph a. of Article 8 [of the 2004 Restatement] in its entirety" and substitutes subparagraphs (a) and (b) quoted here "in lieu thereof."

said right of first refusal to expire thirty (30) days from date notice is given to Mr. Dunn. In the event **Thomas Dunn** does not exercise his right of first refusal to purchase said property at fair market value, or he is not living, then I direct my Trustee to distribute my home and 24.11 acres to **Alfred W. Cook, Jr.**

The percentage interests in the trust estate to be distributed to the remainder beneficiaries under the 2005 Amendment remained the same as under the 2004 Restatement.

Ms. Carender passed away in 2007. Plaintiff, a resident of Durham County, filed a complaint against defendants seeking to rescind the 2005 Amendment on 30 May 2008. Plaintiff alleged that defendant Cook procured execution of the 2005 Amendment by constructive fraud, breach of fiduciary duty, breach of duty of loyalty, and undue influence. The complaint alleged that venue was proper in Durham County. Plaintiff requested the following relief:

1. For an order rescinding and setting aside the First Amendment of the Lavola Carender Living Trust;

2. For an order directing Alfred W. Cook, Jr., trustee, to comply with Section 8.01 of the Restatement of Trust Agreement;

3. In the alternative, to enter judgment against Alfred W. Cook, Jr., individually, in an amount in excess of $10,000;

4. For costs, interest, attorney fees and for such other relief as the Court deems just and proper; and

5. For a trial by jury.

Before defendants filed an answer, they filed a motion to remove the action for improper venue ("motion to remove") pursuant to Rule 12(b) of the North Carolina Rules of Civil Procedure and N.C. Gen. Stat. §§ 1-76 and 1-83. The trial court granted defendants' motion to remove and transferred the action from Durham County to Watauga County, North Carolina without specifying under which provision it ruled. From this order, plaintiff appeals.

## II. Necessary Parties

Although neither party has raised the issue of whether all of the remainder beneficiaries of the trust are necessary parties to this action under N.C. Gen. Stat. § 1A-1, Rule 19, this question must be addressed first. It is appropriate, and indeed necessary, for us to raise this issue *ex mero motu*, because if

a fatal defect of parties is disclosed, the Court should refuse to deal with the merits of the case until the absent parties are brought into the action, and in the absence of a proper motion by a competent person, the defect should be corrected by *ex mero motu* ruling of the Court. *See also*: *Edmondson v. Henderson*, 246 N.C. 634, 99 S.E.2d 869; *Peel v. Moore*, 244 N.C. 512, 94 S.E.2d 491.

*Wall v. Sneed*, 13 N.C. App. 719, 723, 187 S.E.2d 454, 456-57 (1972) (quotation marks omitted). Although at first glance it may appear that the interests of the remainder beneficiaries would not be affected by the determination of this case, as the Watauga County land would not be distributed directly to the remainder beneficiaries under either the 2004 Restatement or the 2005 Amendment, upon closer examination, it is apparent that the interests of the remainder beneficiaries are implicated. In fact, defendant's motion to remove actually identifies these beneficiaries and states that "these contingent beneficiaries may be adversely affected by this litigation." If plaintiff's claim fails and the 2005 Amendment is held to be enforceable, plaintiff would have the option to purchase the Watauga County land at fair market value, and these funds would be paid to the trust. The funds in the trust would then be distributed to the remainder beneficiaries, thus increasing the amount which would be paid to each remainder beneficiary. If plaintiff prevails on his claim and the 2005 amendment is set aside, the trust estate distributable to the remainder beneficiaries is decreased by the fair market value of the Watauga County land, as the land would be distributed to plaintiff without payment. Thus, in this way, the 2005 Amendment potentially increases the value of the trust property which will be distributed to each remainder beneficiary. The 2005 Amendment could also affect the value and use of all of the real property distributed from the trust to the remainder beneficiaries. The 2005 Amendment appears to require conservation easements limiting the use of any real property conveyed from the trust to any beneficiaries. Our record does not indicate whether the trust owns any real property other than the Watauga County land, but if so, under the 2004 Restatement, those real property interests would be distributed to the remainder beneficiaries without a conservation easement, while under the 2005 Amendment the real property may be subject to a conservation easement which would likely affect the use or value of the property. Of course, the interpretation of the conservation easement terms of the 2005 Amendment is not an issue before this Court on this appeal, and this opinion should not be construed as expressing any opinion as to the applicability of the conservation easement provisions to all of the real property owned by the trust. However, the

language of the trust can be construed as making the conservation easements applicable to all real property in the trust, and for this reason also, the interests of the remainder beneficiaries could be affected by the 2005 Amendment. Rule 19(a) and (b) of the Rules of Civil Procedure provides:

> (a) *Necessary joinder.*—Subject to the provisions of Rule 23, those who are united in interest must be joined as plaintiffs or defendants; but if the consent of anyone should have been joined as plaintiff cannot be obtained he may be made a defendant, the reason therefor being stated in the complaint
>
> . . . .
>
> (b) *Joinder of parties not united in interest.*—The court may determine any claim before it when it can do so without prejudice to the rights of any party or to the rights of others not before the court; but when a complete determination of such claim cannot be made without the presence of other parties, the court shall order such other parties summoned to appear in the action.

N.C. Gen. Stat. § 1A-1, Rule 19 (2007). This court has noted that

> 'A person is a necessary party to an action when he is so vitally interested in the controversy involved in the action that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence as a party.' *Garrett v. Rose*, 236 N.C. 299, 72 S.E.2d 843 (1952). His interest must be such that no decree can be rendered which will not affect him. *Gaither Corp v. Skinner*, 238 N.C. 254, 77 S.E.2d 659 (1953). 'The term 'necessary parties' embraces all persons who have or claim material interests in the subject matter of a controversy, which interests will be directly affected by an adjudication of the controversy. [Citation omitted.] A sound criterion for deciding whether particular persons must be joined in litigation between others appears in this definition: Necessary parties are those persons who have rights which must be ascertained and settled before the rights of the parties to the suit can be determined.' *Assurance Society v. Basnight*, 234 N.C. 347, 67 S.E.2d 390 (1951).

*Wall*, 13 N.C. App. at 724, 187 S.E.2d at 457. N.C. Gen. Stat. § 1A-1, Rule 19, did not change the long-standing substantive law regarding joinder of necessary parties which developed prior to adoption of the current Rules of Civil Procedure.

## DUNN v. COOK

[204 N.C. App. 332 (2010)]

[Rules 19 and 23[2]] make no substantive change in the rules relating to joinder of parties as formerly set out in G.S. 1-70 and G.S. 1-73. Both G.S. 1-70 and G.S. 1-73 were repealed by Session Laws 1967, c. 954, s. 4, effective 1 January 1970. 'The new rules of civil procedure make no change in either the categorizing of parties as necessary, proper and formal, or in the underlying principles upon which the categories have been based.' 1 McIntosh, N.C. Practice and Procedure 2d, § 585 (Supp. 1970).

*Crosrol Carding Developments, Inc. v. Gunter & Cooke, Inc.,* 12 N.C. App. 448, 451, 183 S.E.2d 834, 837 (1971). When dealing with a trust,

'[t]he general rule . . . in suits, respecting the trust property, brought either by or against the trustees, the *cestuis que trustent,* or beneficiaries as well as the trustees also, are necessary parties. And when the suit is by or against the *cestuis que trustent,* or beneficiaries, the trustees are also necessary parties; and trustees have the legal interest, and, therefore, they are necessary parties; the *cestuis que trustent,* or beneficiaries, have the equitable and ultimate interest, to be affected by the decree, and, therefore, they are necessary parties,' citing a wealth of authorities.

*First Nat. Bank v. Thomas,* 204 N.C. 599, 603, 169 S.E. 189, 191 (1933) (quotation marks omitted).

Because the remainder beneficiaries' interests will be affected by the adjudication of this action, they are necessary parties. Therefore, we reverse the trial court's order and remand this case to the Durham County Superior Court for entry of an order for the remainder beneficiaries to be "summoned to appear in the action." N.C. Gen. Stat. § 1A-1, Rule 19(b). We should not address at this time the arguments of the parties as to the venue of this action, as the remainder beneficiaries may also have interests in regard to venue which are properly addressed after they have been joined in the action. However, we note that

[a]lthough motions for change of venue based on improper venue, pursuant to section 1A-1, Rule 12(b)(3), must be filed prior to or with the answer, motions for change of venue based on the convenience of witnesses, pursuant to section 1-83(2), *must* be filed *after* the answer is filed.

---

2. N.C. Gen. Stat. § 1A-1, Rule 23 deals with class actions and thus is not applicable here.

*McCullough v. Branch Banking & Trust Co., Inc.*, 136 N.C. App. 340, 350, 524 S.E.2d 569, 575-76 (2000) (emphasis added and citing *Construction Co. v. McDaniel*, 40 N.C. App. 605, 607, 253 S.E.2d 359, 360 (1979)). For this reason, it is imperative that a party filing a motion for change of venue clearly state the legal basis of the motion and file the motion in a timely manner as appropriate for the type of motion; in ruling on the motion, the trial court should also clearly identify the legal basis for its order allowing or denying a motion for change of venue.

### III. Conclusion

For the reasons stated above, we reverse the order of the trial court allowing the change of venue and remand to the Superior Court of Durham County for further proceedings consistent with this opinion.

REVERSE AND REMAND.

Judges STEPHENS and BEASLEY concur.