SUZANNE HASSELMANN, Plaintiff v. BRUCE BARNES, individually and as TRUSTEE, and MICHAEL P. BARNES, individually and as TRUSTEE, Defendants

No. COA09-1583

(Filed 5 October 2010)

**Parties— necessary parties—trust beneficiaries**

A partial summary judgment in a trust action was remanded where beneficiaries whose interests would be affected were not included as parties.

Appeal by defendant Bruce Barnes from order entered 5 February 2009 by Judge Jay D. Hockenbury in Superior Court, New Hanover County. Heard in the Court of Appeals 28 April 2010.

*Ennis Coleman, LLP, by David Paul Ennis, for plaintiff-appellee.*

*Stricklin Law Firm, P.A., by Bobby J. Stricklin, for defendant-appellant.*

STROUD, Judge.

On 24 October 2007, plaintiff filed a verified complaint against defendants Bruce Barnes and Michael Barnes. Plaintiff alleged she is one "of seven (7) named beneficiaries" of a trust for which defendants are trustees. Plaintiff brought causes of action for breach of fiduciary duty, constructive fraud, and gross negligence. Plaintiff included the "TRUST INDENTURE" as an exhibit to her complaint and it identifies seven individuals as beneficiaries of the trust. Defendants 'are beneficiaries as well as trustees, so there are four other beneficiaries of the trust who are not parties to this case. On 30 July 2008, defendant Bruce Barnes filed a *pro se* answer to plaintiff's complaint and counterclaimed for reformation of the trust instrument. Defendant Michael Barnes did not file an answer or otherwise respond to the complaint. On 15 May 2008, plaintiff responded to defendant Bruce Barnes's counterclaim. On or about 22 December 2008, plaintiff filed a motion for summary judgment against defendant Bruce Barnes only. On 5 February 2009, the trial court granted plaintiff's motion for summary judgment as to her claim for breach of fiduciary duty against defendant Bruce Barnes; the trial court denied plaintiff's motion for summary judgment as to her claims for gross negligence and constructive fraud. Defendant Bruce Barnes (hereinafter "defendant") appeals.

We first note that the order granting partial summary judgment fails to dispose of all claims or all parties to this lawsuit, as it granted summary judgment as to only one of the two defendants on only one of three claims. However, we need not address the interlocutory nature of defendant's appeal or the substantive issues argued, as we must *ex mero motu* remand for joinder of the beneficiaries who are not parties to this action as necessary parties. *See Dunn v. Cook,* —— N.C. App. ——, ——, 693 S.E.2d 752, 754 (2010) ("Although neither party has raised the issue of whether all of the remainder beneficiaries of the trust are necessary parties to this action under N.C. Gen. Stat. § 1A-1, Rule 19, this question must be addressed first. It is appropriate, and indeed necessary, for us to raise this issue *ex mero motu*[.]")

When dealing with a trust, the general rule in suits, respecting the trust property, brought either by or against the trustees, the . . . beneficiaries as well as the trustees also, are necessary parties. And when the suit is by or against the . . . beneficiaries, the trustees are also necessary parties; and trustees have the legal interest, and, therefore, they are necessary parties; . . . beneficiaries, have the equitable and ultimate interest, to be affected by the decree, and, therefore, they are necessary parties[.]

*Dunn* at ——, 693 S.E.2d at 756 (citation, quotation marks, ellipses, and brackets omitted).

Although defendant's counterclaim alleges that "[n]o beneficiary other than plaintiff counterclaim-defendant Suzanne Hasselmann opposes the relief sought in this counterclaim[,]" the record before us does not include any appearance by the other four beneficiaries or any indication that the other four beneficiaries of the trust have notice of this lawsuit. Defendant's *pro* se answer and counterclaim was filed only on his own behalf; defendant does not purport to represent the other beneficiaries in any way. In addition, because the beneficiaries all share equal percentage interests in the trust, based upon the claims raised by plaintiff, all of the beneficiaries' interests in the trust would necessarily be equally affected by the outcome of this action.

We also note that defendant argues that this action is controlled by New Jersey law. Defendant's counterclaim alleges that "[p]er the opinion of the Hon. Robert Contillo, Judge of the Superior Court, Chancery Division, Bergen County, New Jersey (annexed as Exhibit A hereto) this matter is governed by New Jersey law." However, "Exhibit A" to the counterclaim is not included in our record, so we do not know what sort of other legal action, if any, may have occurred in regard to this trust in New Jersey. But even in the absence of any New Jersey order regarding the trust, the trust includes a provision that

> [t]his Trust Indenture and all trusts created hereunder shall be construed, and their validity and effect and the rights hereunder of the respective beneficiaries of each such trust and the Trustees and any successor Trustees shall be at all times determined, in accordance with the laws of the State of New Jersey insofar as they can be applied.

However, without determining whether New Jersey law should control this issue, we note that New Jersey law as to joinder of necessary parties in this situation is the same as North Carolina law.[1] *See Spitz v. Dimond*, 24 A.2d 188, 189 (N.J. 1942) ("Whenever the handling of trust funds is called in question, all trustees and all cestuis que trust should be parties to the suit so as to minimize future litigation and

---

1. In some cases, where beneficiaries are unable to be presently determined or located, joinder of all is not required, *see Baird v. Peoples Bank & Trust Co. of Westfield*, 33 A.2d 745, 747 (N.J.Ch. 1943), but here no such difficulty arises, as the four beneficiaries who were not included as parties to this action are all named individuals, identified in the trust indenture as the grantor's children.

assure that all parties interested in the subject-matter will be bound by the decree." (citations omitted)).

Because four beneficiaries whose interests will be affected by this action were not included as parties, the trial court should have required joinder of all necessary parties. *See Dunn* at ——, 693 S.E.2d at 756. Therefore, we express no opinion on the merits of this case but instead reverse the partial summary judgment order and remand for further proceedings not inconsistent with this opinion. *See Dunn* at ——, 693 S.E.2d at 756; *Wall v. Sneed*, 13 N.C. App. 719, 725, 187 S.E.2d 454, 458 (1972).

REVERSED AND REMANDED.

Judges McGEE and HUNTER, JR., Robert N. Concur.