134

Susan M. QUINN, Plaintiff,

v.

Stanley Peter FISHKIN, and Lee S. Shalov, Defendants.

Civil No. 3:14–cv–1092(AWT).

United States District Court, D. Connecticut.

Signed Aug. 4, 2015.

James R. Denlea, Peter Newton Freiberg, Jeffrey I. Carton, Denlea & Carton LLP, White Plains, NY, for Plaintiff.

Stanley Peter Fishkin, Chittenden, VT; pro se.

James L. Brawley, Patrick J. Day, Morrison, Mahoney LLP, Hartford, CT, for Defendant.

### RULING ON MOTION TO DISMISS

ALVIN W. THOMPSON, District Judge.

The plaintiff, Susan Quinn ("Quinn"), brings this action against defendants Stanley Fishkin ("Fishkin") and Lee Shalov ("Shalov"). Quinn seeks an order that would permit her to declare a settlement agreement in a previous case before this court null and void, so that she may pursue claims against Fishkin, her former financial advisor, for breach of fiduciary duty, professional negligence, sale of securities by an unregistered investment advisor, sale of securities by an unregistered broker-dealer, unjust enrichment, and imposition of a collective trust. Quinn also brings claims against Shalov, her former lawyer, for legal malpractice and breach of fiduciary duty. Although Quinn ultimately seeks to pursue her claims arising out of Fishkin's failed investment of Quinn's money and Shalov's representation of Quinn, the predicate claim that must be resolved in Quinn's favor first is her declaratory judgment claim.

Fishkin has moved, pursuant to Fed. R.Civ.P. 12(b)(2), 12(b)(3), 12(b)(6), and 12(b)(7), to dismiss the complaint. For the reasons set forth below, Fishkin's motion to dismiss is being denied.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Complaint, "which [the court] must accept as true for purposes of testing its sufficiency," alleges the following circumstances. *Monsky v. Moraghan*, 127 F.3d 243, 244 (2d Cir.1997).

Quinn's claims against Fishkin, her former financial advisor and money manager, arise out of Fishkin's investment of $1.5 million on Quinn's behalf in the hedge fund Stewardship Credit Arbitrage Fund LLC ("Stewardship"), which in turn invested in "short-term notes issued by Thomas J. Petters and Petters Group Worldwide, LLC, and its subsidiaries and affiliates (together, 'Petters')." (Complaint (Doc. No. 1) ¶ 21.) Quinn's investment "evaporated" when the federal government learned that the notes that Petters sold to Stewardship were part of a $3 billion Ponzi scheme. (Complaint ¶ 23.) Fishkin "[failed] to disclose the true risk of the investment, [and Fishkin] actively sought to preclude [Quinn] from obtaining this information by advising her not to read offering memoranda and other materials provided by Stewardship and, in some instances, by failing to even provide those materials to [Quinn]." (Complaint ¶ 24.)

In early 2009, Quinn retained Shalov, on a contingency basis, to represent her in recovering her losses. On April 9, 2009, Quinn and another investor, Marsha Wiggins, initiated a lawsuit against Fishkin and Crow Hill Capital, LTD, a company owned by Fishkin, in Connecticut Superior Court, asserting claims for breach of fiduciary duty, professional negligence, violations of investment advisory registration requirements, sale of securities by an unregistered broker-dealer, and unjust enrichment (the "Underlying Action"). The defendants subsequently removed the Underlying Action to this court. (*See Quinn, et al. v. Stanley Fishkin, et al.*, Civil Action No. 3:09–CV–845–JBA (D.Conn.).)

Fishkin sought to settle the Underlying Action because, among other things, the Underlying Action threatened to bankrupt him. During pre-mediation discovery, Fishkin produced approximately 5,000 pages of financial documents to Shalov.

One document indicated that he had total assets of approximately $468,000, liabilities of $1,313,067, and a net worth of negative $844,704 (the "July 31, 2009 Financial Statement"). Shalov provided one page of the July 31, 2009 Financial Statement to Fishkin. On June 17, 2010, the parties executed a Contingent Confidential Settlement Agreement and General Release (the "Settlement Agreement"), which provided:

The parties hereto represent and declare that in executing this Agreement they rely solely upon their own judgment, belief and knowledge and the advice and recommendations of their own independently chosen counsel, if any, concerning the nature, extent and duration of their rights and claims hereunder and that, except as provided herein, they have not been influenced to any extent whatsoever in executing this Agreement by any representations, statements, or omissions pertaining to any of the foregoing matters by the other party or any persons representing the other party *except as to the material accuracy of the financial statement dated July 31, 2009 and related material of Fishkin provided to the Plaintiffs. In the event the financial statement and related materials are found by a court to have been materially inaccurate/incomplete, the Plaintiffs shall be permitted to declare this Agreement null and void and shall be permitted to reinstitute their lawsuit provided that it is filed before July 31, 2014* with the amount paid credited against any recovery, or returned to Defendant Fishkin if no recovery is received.

(Complaint ¶ 39 (quoting Settlement Agreement § 10).) As a result of the settlement, Quinn received $100,000 from the defendants, of which Shalov received $25,000. On July 7, 2010, after counsel reported that the Underlying Action had settled, the court dismissed the Underlying Action without prejudice, and set a deadline of August 6, 2010 for the parties to move to reopen the case. (*See* Order of Dismissal on Report of Settlement (Underlying Action, Doc. No. 48).)

Quinn alleges that the July 31, 2009 Financial Statement is materially inaccurate in that:

Fishkin did not disclose, or did not adequately disclose: (a) that he had formed the limited liability company Mountain Top Farm Consulting, LLC and was the only principal of that company; (b) that he had made an investment with Split Rock Ventures, LLC; and (c) that he had an ownership or partnership interest in various businesses such as Starlight, LP, Sanders Morris Harris, Inc., the Furman Selz Holdings Liquidating Trust, and Vantagepoint Communications Partners, LP. Furthermore, Fishkin did not disclose that he had a financial interest in Acorn Capital Group, which served as a financial conduit between Petters Group Worldwide, LLC and Stewardship, and that he was receiving revenue from Acorn Capital Group.

(Complaint ¶ 40.)

Quinn now seeks an order of the court determining that the financial statement and related material that Fishkin disclosed were materially inaccurate or incomplete, so that she can "reinstate" the Underlying Action. The court construes this as a claim for a declaratory judgment (the "Declaratory Judgment Claim"). *See* 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have

the force and effect of a final judgment or decree and shall be reviewable as such.")

Quinn also brings claims against Shalov for legal malpractice and breach of fiduciary duty. Quinn alleges that Shalov pressured her to settle the Underlying Action for a fraction of her damages, withheld key information regarding Fishkin's finances and property holdings, and failed to obtain information relevant to Fishkin's financial condition.

## II. *LEGAL STANDARD*

### A. Fed.R.Civ.P. 12(b)(2)

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.1996), *cert. denied*, 519 U.S. 1006, 117 S.Ct. 508, 136 L.Ed.2d 398 (1996). Where a defendant challenges "only the sufficiency of the plaintiff's factual allegation, in effect demurring by filing a Rule 12(b)(2) motion, the plaintiff need persuade the court only that its factual allegations constitute a prima facie showing of jurisdiction." *Ball v. Metallurgie Hoboken–Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.1990). "When a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials ... the allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Seetransp., Wiking, Trader, Schiffarhtsgesellschaft, MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir.1993) (quoting *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir.1990) (per curiam) (citations omitted), *cert. denied*, 498 U.S. 1068, 111 S.Ct. 786, 112 L.Ed.2d 849 (1991)). However, "[i]f the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.*

### B. Fed.R.Civ.P. 12(b)(3)

In deciding a Rule 12(b)(3) motion to dismiss based on improper venue, "[t]he court must take all allegations in the complaint as true, unless contradicted by the defendants' affidavits, and [w]hen an allegation is so challenged [a] court may examine facts outside the complaint to determine whether venue is proper." *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F.Supp.2d 222, 237 (D.Conn.2001) (internal quotation marks and citation omitted). Furthermore, "[t]he court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff," who has "the burden of showing that venue in the forum is proper." *Id.* If the venue is not proper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir.1993).

### C. Fed.R.Civ.P. 12(b)(6)

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (*citing Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Twombly,* 550 U.S. at 557, 127 S.Ct. 1955 (internal quotation marks omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.' " *Mytych v. May Dept. Stores Co.,* 34 F.Supp.2d 130, 131 (D.Conn.1999) (*quoting Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984)). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn.1990) (*citing Scheuer,* 416 U.S. at 232, 94 S.Ct. 1683).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504,* 992 F.2d 12, 15 (2d Cir.1993).

**D. Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(7)**

Pursuant to Rule 12(b)(7), a district court may dismiss a complaint for failure to join a required party under Rule 19 of the Federal Rules of Civil Procedure, which governs joinder of persons needed for just adjudication.

Upon review of a Rule 12(b)(7) motion, like any motion under Rules 12(b) or 12(c), "a court must accept all factual allegations in the complaint as true and draw inferences in favor of the non-moving party." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359 (3d ed.); *see, e.g., Tross v. Ritz Carlton Hotel Co., LLC,* 928 F.Supp.2d 498, 507, n. 2 (D.Conn.2013). "In deciding a motion pursuant to Rule 12(b)(7), a court may consider evidence outside the pleadings." *Tross v. Ritz Carlton Hotel Co., LLC,* 928 F.Supp.2d 498, 507 (D.Conn. 2013). The court can deny the motion when there is insufficient or contradictory evidence concerning whether a party is a necessary party within the meaning of Rule 19(a). *See, e.g., Nanjing Textiles IMP/EXP Corp., Ltd. v. NCC Sportswear Corp.,* 06 CIV. 52(JGK), 2006 WL 2337186, at *8 (S.D.N.Y. Aug. 11, 2006) ("There is insufficient evidence for the Court to resolve the factual dispute at this preliminary stage concerning whether Union is a necessary party within the meaning of Rule 19(a)."); *S & S Mach. Corp. v. Gen. Motors Corp.,* 93 CIV. 3237(CSH), 1994 WL 529867, at *4 (S.D.N.Y. Sept. 28, 1994).

## III. *DISCUSSION*

### A. Lack of Personal Jurisdiction

Fishkin contends that this court lacks personal jurisdiction over him because the Complaint does not allege that Fishkin transacted any business or committed any tortious act within Connecticut, and there-

fore the Complaint does not satisfy the requirements of Connecticut's long arm statute. He also contends that due process prevents the exercise of jurisdiction in this District because he has not had sufficient contacts with Connecticut.

"In deciding a question of personal jurisdiction, district courts must conduct a two-part analysis, looking first to the state's long-arm statute and then analyzing whether jurisdiction comports with federal due process." *Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*, 264 F.3d 32, 37 (2d Cir.2001). The Connecticut long-arm statute provides, in relevant part:

> (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or foreign voluntary association, or over the executor or administrator of such nonresident individual, foreign partnership or foreign voluntary association, who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce. . . .

Conn. Gen.Stat. § 52–59b.

■ "Due process analysis opens with a minimum contacts inquiry. Specific juris-

diction is determined by first asking if the claim arises out of or relates to [the] defendant['s] contacts with the state, and then showing [the] defendant[ ] purposefully availed itself of the privilege of doing business in the forum so that [the] defendant could reasonably foresee being haled into the forum's courts." *Mario Valente Collezioni, Ltd. v. Confezioni Semeraro Paolo, S.R.L.*, 264 F.3d 32, 37–38 (2d Cir. 2001) (citing *Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236, 242–3 (2d Cir.1999)).

Here, although Quinn ultimately seeks to pursue her claims arising out of Fishkin's wrongful investment of Quinn's money, the predicate claim is Quinn's Declaratory Judgment Claim (which "seeks an order of the Court determining that the financial statement and related material that Fishkin disclosed were materially inaccurate/incomplete"). Under the terms of the Settlement Agreement, Quinn must prevail on this claim before she can "declare the Settlement Agreement null and void, and reinstate her claims . . . against Fishkin." (Complaint ¶ 41.) Thus, because the plaintiff's claims from the Underlying Action have not yet been "reinstated", the court considers whether the court may exercise personal jurisdiction over Fishkin as to the Declaratory Judgment Claim.

■ Connecticut courts may assert personal jurisdiction over a nonresident defendant under Section 52–59b(a)(1) if that defendant transacts business within Connecticut. Section 52–59b(a)(1) "authorizes jurisdiction over nonresidents who transact any business within the state provided that the cause of action arises out of such transaction." *New London Cnty. Mut. Ins. Co. v. Nantes*, 303 Conn. 737, 745 (2012) (quoting *Bank of Babylon v. Quirk*, 192 Conn. 447, 449, 472 A.2d 21 (1984)).

The Connecticut Supreme Court has construed the term "transacts any business" to include "a single purposeful business transaction", and it "extends beyond the typical commercial enterprise" to include, for example, the execution of a warranty deed to a single sale of real property, even where the execution of the warranty deed was completed in another state. *Zartolas v. Nisenfeld*, 184 Conn. 471, 474, 440 A.2d 179 (1981). In determining whether a cause of action arises from a defendant's transaction of business in Connecticut, the court does not "resort to a rigid formula. Rather, [it] balance[s] considerations of public policy, common sense, and the chronology and geography of the relevant factors." *Id.* at 477, 440 A.2d 179.

█ ▪ Like the sale of real property, the entry into a settlement agreement to resolve a civil action is a "legal act of a most serious nature. It uses terms and procedures commonly associated with business and involves a financial transaction." *Id.* The court concludes that execution of such an agreement falls within the "appropriately broad meaning of the term 'business' in [Section] 52–59b." *Id. See Grand River Enterprises Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 167 (2d Cir.2005) ("Settling a civil suit seeking compensation for, inter alia, healthcare costs is a business transaction.") (citing *Ainbinder v. Potter*, 282 F.Supp.2d 180, 186–87 (S.D.N.Y.2003)); *Zartolas*, 184 Conn. at 473, 440 A.2d 179 (finding pertinent judicial interpretation of New York's long arm statute in construing the term "transacts any business."). Thus, this court may exercise personal jurisdiction over Fishkin pursuant to Section 52–59b(a)(1) as a result of the Settlement Agreement, which was a business transaction between the parties in the Underlying Action.

█ Exercise of personal jurisdiction over Fishkin would not violate the federal constitutional requirement of due process. "The due process test for personal jurisdiction has two related components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry. The court must first determine whether the defendant has sufficient contacts with the forum state to justify the court's exercise of personal jurisdiction." *Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). The court "evaluate[s] the quality and nature of the defendant's contacts with the forum state under a totality of the circumstances test. Where, as here, specific jurisdiction is asserted, minimum contacts necessary to support such jurisdiction exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168, No. 14–104–CV, 2015 WL 3498784, at *3 (2d Cir. June 4, 2015) (internal quotation marks and citations omitted).

Here, Quinn brought the Underlying Action against Fishkin in Connecticut Superior Court, and Fishkin then removed it to this court. Fishkin did not challenge the court's personal jurisdiction over him at that time. He then litigated that case in this court, including exchanging discovery with Quinn. Ultimately, he entered into the Settlement Agreement, in which Quinn withdrew her claims in exchange for certain financial compensation. The Settlement Agreement provided that if a court found the discovery provided to Quinn was "materially inaccurate/incomplete", then Quinn would be permitted to "declare [the Settlement Agreement] null and void and shall be permitted to *reinstitute their lawsuit*". (Complaint ¶ 39 (emphasis added).) Given this language in the Settlement Agreement, it was foreseeable to Fishkin that he would be haled into this court.

Thus, the court concludes that the quality and nature of Fishkin's contacts with Connecticut are sufficient to justify this court's exercise of personal jurisdiction over him in this action.

After determining that minimum contacts exist, the court must determine "whether the assertion of personal jurisdiction would comport with fair play and substantial justice." *Gucci Am., Inc. v. Weixing Li,* 768 F.3d 122, 136 (2d Cir. 2014). Here, given the facts discussed above, including Fishkin's decision to enter into a settlement agreement that provides for the possibility of further litigation in this court, the exercise of personal jurisdiction over Fishkin would not offend principles of fair play and substantial justice.

Therefore, Fishkin's motion to dismiss for lack of personal jurisdiction is being denied.

## B. Improper Venue

Fishkin contends that Connecticut is an improper venue for this case because "none of the events alleged in the Complaint took place in Connecticut." (Defendant Stanley Peter Fishkin's Motion to Dismiss and Supporting Memorandum (Doc. No. 29) ("Fishkin Mem.") at 4–5.)

The relevant venue statute provides, in pertinent part, that:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

▮ Here, venue in this district is proper because, drawing all reasonable inferences and resolving all factual conflicts in the favor of the plaintiff, a substantial part of the events giving rise to the Declaratory Judgment Claim occurred in Connecticut. Fishkin and Quinn litigated the Underlying Action in this court, including exchanging discovery. Fishkin resolved that action by entering into the Settlement Agreement, in which Quinn withdrew her claims against Fishkin in exchange for certain financial compensation.

Therefore, Fishkin's motion to dismiss for improper venue is being denied.

## C. Failure to State a Claim Upon Which Relief May Be Granted

Fishkin argues that the Complaint fails to state a claim upon which relief can be granted because it is internally inconsistent, in that it alleges both that Fishkin produced approximately 5000 pages to Shalov and that the materials disclosed were materially "inaccurate/incomplete". Fishkin also contends that Quinn "failed to include any factual allegations in her Complaint that show with sufficient detail that [Fishkin] provided an 'inaccurate/incomplete' financial statement" as part of the settlement negotiations. (Fishkin Mem. at 7.)

▮ Paragraph 40 of the Complaint alleges:

> The July 31, 2009 Financial Statement that Fishkin produced was materially inaccurate. Fishkin did not disclose, or did not adequately disclose: (a) that he had formed the limited liability company Mountain Top Farm Consulting, LLC and was the only principal of that com-

pany; (b) that he had made an investment with Split Rock Ventures, LLC; and (c) that he had an ownership or partnership interest in various businesses such as Starlight, LP, Sanders Morris Harris, Inc., the Furman Selz Holdings Liquidating Trust, and Vantagepoint Communications Partners, LP. Furthermore, Fishkin did not disclose that he had a financial interest in Acorn Capital Group, which served as a financial conduit between Petters Group Worldwide, LLC and Stewardship, and that he was receiving revenue from Acorn Capital Group.

(Complaint ¶ 40.) These allegations are sufficient to state a claim for a declaratory judgment as to the accuracy and completeness of the financial materials produced in the Underlying Action. The Complaint provides more than naked assertions devoid of factual enhancement. Quinn alleges that the July 31, 2009 Financial Statement was inaccurate and incomplete in that Fishkin failed to disclose three specific investments or ownership interests. Although Quinn does not specifically allege that this information was not included in the large volume of financial documents that Fishkin provided to Shalov, drawing all inferences in a light most favorable to the plaintiff, Quinn has pled facts sufficient to state a claim to relief that is plausible on its face.

Therefore, Fishkin's motion to dismiss for failure to state a claim is being denied.

### D. Failure to Join Required Parties

Fishkin contends that the court should dismiss the Complaint pursuant to Rule 12(b)(7) because Wiggins, who was a plaintiff in the Underlying Action, is a necessary and indispensible party in this case.

Rule 19(a) defines those parties who are necessary to an action. It provides, in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed.R.Civ.P. 19(a). If a party who meets the criteria described in Rule 19(a) cannot be joined, the court must determine whether the claim should be dismissed because the necessary party is "indispensable." Rule 19(b) provides factors that the court must consider:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed.R.Civ.P. 19(b). "In reviewing a motion to dismiss pursuant to Rule 19, the Court determines whether an absent party

is 'necessary' under Rule 19(a) as a threshold requirement before undertaking a Rule 19(b) analysis as to whether the party is also 'indispensable' such that dismissal would be required in its absence. 'A party cannot be indispensable unless it is a "necessary party" under Rule 19(a).'" *Known Litig. Holdings, LLC v. Navigators Ins. Co.*, 934 F.Supp.2d 409, 415 (D.Conn.2013) (quoting *Jonesfilm v. Lion Gate Int'l*, 299 F.3d 134, 139 (2d Cir.2002)).[1]

Fishkin argues that Wiggins is necessary because, if the court were to grant Quinn's Declaratory Judgment Claim, but the defendants were to prevail in the Underlying Action, then both Quinn and Wiggins would be required to return the funds from the Settlement Agreement to Fishkin. Thus, "it is [Quinn and Wiggins] together, if at all, who may petition the Court to declare their settlement void." (Fishkin Mem. at 8.) Fishkin argues that Wiggins is indispensable because it is "unclear how the settlement amount already paid by [Fishkin] would be credited" if Quinn were to prevail on the claims in the Underlying Action. (*Id.* at 9.)

Wiggins is not a necessary party under Rule 19(a)(1)(A) because complete relief is possible between the existing parties (that is, between Quinn and the defendants) even if Wiggins is not joined. As discussed in Sections III.A and III.B, the predicate claim before the court at this stage of the case is the Declaratory Judgment Claim. In Wiggins's absence, the court can make a determination about whether or not the financial statement and related material that Fishkin produced to Quinn through Shalov were "materially inaccurate/incomplete" and enter a declaratory judgment accordingly. *See Master-*

*Card Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 385 (2d Cir.2006) (upholding the district court's denial of an absent party's motion to dismiss pursuant to Rule 19, even where there was "no question that further litigation between [the absent party and the defendant was] ... inevitable" if the plaintiff prevailed, because "Rule 19(a)(1) is concerned only with those who are already parties" and the plaintiff could "obtain complete relief" as to the defendant without the absent party's presence in the case.).

Wiggins is also not a necessary party under Rule 19(a)(1)(B). Fishkin has provided no evidence that Quinn has claimed an interest in the Declaratory Judgment Claim. *See Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir.1996) ("[The defendant's] attempt to assert on behalf of the [absent party] its supposed concern about the dilution of its interest in [the subject of the action] falls outside the language of the rule. It is the absent party that must 'claim an interest.'"). Fishkin has not shown how disposing of the Declaratory Judgment Claim in Wiggins's absence will impede or impair her ability to protect her rights. Fishkin has also failed to show how a failure to join Wiggins would subject him to multiple or inconsistent obligations. The July 31, 2014 deadline for Wiggins to void the Settlement Agreement and reinstitute the Underlying Action has passed. Thus, if Fishkin prevails on the Declaratory Judgment Claim, neither Wiggins nor Quinn will be able to move to reinstate the Underlying Action. If Quinn prevails on the Declaratory Judgment Claim, the Settlement Agreement provides that "the Plaintiffs shall be permitted to declare this Agreement null and

---

1. Effective December 1, 2007, Rule 19(b) no longer uses the term "indispensable." "There is no substantive difference between the present rule and the rule ... prior to the 2007 amendment." *CP Solutions PTE, Ltd. v. Gen. Elec. Co.*, 553 F.3d 156, 159 (2d Cir. 2009).

void and shall be permitted to reinstitute their lawsuit provided that·it is filed before July 31, 2014...." (Complaint ¶ 39 (quoting Settlement Agreement § 10).)[2]

Moreover, Fishkin has failed to argue or provide any evidence that Wiggins is subject to service of process or that her joinder would not deprive the court of jurisdiction.

As Fishkin has not met his burden under Rule 12(b)(7) because the requirements of Rule 19(a) are not satisfied, the motion to dismiss on this ground is being denied. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359 (3d ed.) ("The cases make it clear that the burden is on the party moving under Rule 12(b)(7) to show the nature of the unprotected interests of the absent individuals or organizations and the possibility of injury to them or that the parties before the court will be disadvantaged by their absence.")

## IV. *CONCLUSION*

For the reasons set forth above, Defendant Stanley Peter Fishkin's Motion to Dismiss and Supporting Memorandum (Doc. No. 29) is hereby DENIED.

It is so ordered.

---

**2.** The court does not reach the issue of whether, under the terms of the Settlement Agreement, Quinn can declare the Settlement Agreement null and void without Wiggins, and what effect, if any, a unilateral declaration by Quinn would have on the consideration Wiggins received pursuant to the Settlement Agreement, because the parties have not briefed these issues or provided the court with a copy of the entire Settlement Agreement, without which the court cannot address these issues.